9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John E. COLES, Defendant-Appellant.
 No. 91-5836.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 8, 1993.
Decided: November 12, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.
 John E. Coles, Appellant Pro Se.
 Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 John E. Coles was convicted by a jury of several charges of bank fraud, 18 U.S.C.A. § 1344 (West Supp. 1992), misapplication of bank funds, 18 U.S.C.A. § 657 (West Supp. 1992), and money laundering, 18 U.S.C.A. § 1956(a)(1)(A) (West Supp. 1992). Following preparation of a presentence report and a sentencing hearing on Coles's objections to the report, the court sentenced Coles under the Sentencing Guidelines to a total of 135 months imprisonment and five years supervised release; on his non-guidelines offenses, the court sentenced him to a total of eleven years to run concurrently with his guidelines sentences. The court also assessed restitution of $569,026. Coles noted a timely appeal and is proceeding pro se in this Court. We affirm Coles's sentences.[1]
 
 
 2
 Coles was the Executive Secretary and Chief Managing Officer of Peoples Savings and Loan Association, which eventually became insolvent and was taken over by the federal government in June 1989. Upon review of the failed bank's financial records, the Resolution Trust Corporation discovered that over an eleven-year period, Coles had embezzled $569,026 from the bank. Coles used family and friends in a scheme in which they would borrow money from the bank and deposit the proceeds in their own accounts and remit part to Coles. In some instances, they would give the money directly to Coles.
 
 
 3
 Coles first alleges that the sentencing court should have awarded him a two-level downward departure for acceptance of responsibility under section 3E1.1.[2] A defendant must demonstrate by a preponderance of the evidence that he is entitled to the adjustment, United States v. White, 875 F.2d 427, 431 (4th Cir. 1989), and whether the reduction is warranted is a factual question within the discretion of the district court. United States v. Cusack, 901 F.2d 29(4th Cir.1990); United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 493 U.S. 943 (1989). A factual finding in the determination of guidelines sentence is reviewed by this Court under a clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989). Ordinarily, a finding that the defendant obstructed justice under U.S.S.G. § 3C1.1 precludes an adjustment for acceptance of responsibility. See U.S.S.G. § 3E1.1, comment. (n.4).
 
 
 4
 The district court concluded that Coles had not accepted responsibility for his crimes. The court noted that in his testimony and in a letter to his probation officer, Coles asserted that he engaged in the misappropriation of funds with the best interests of the savings and loan in mind. The court also found that Coles obstructed justice based on his testimony at trial. Since the court's conclusion that Coles did not accept responsibility for his criminal conduct is not clearly erroneous, the court did not err in declining to award him the two-level reduction for acceptance of responsibility.
 
 
 5
 Coles next asserts that the district court improperly enhanced his sentence under U.S.S.G. § 2B1.1(b)(7)(A), which provides that if the offense conduct "substantially jeopardized the safety and soundness of a financial institution," the offense level should be increased by four levels and the offense level should at least be 24. The court determined that Coles spent money on items that "could not possibly have been for the benefit of the savings and loan" and that his activities "completely destroyed" the savings and loan.
 
 
 6
 A supervisor liquidation specialist with the FDIC testified that Peoples was "a 20-$25 million association. That was relatively small in the scheme of things." The controller of the bank testified that the bank went insolvent while Coles was the chief executive officer due to over $1.7 million in losses the savings and loan sustained in the purchase of certificates of deposit from a Texas bank. Coles alleged that he was trying to invest savings and loan assets in real estate in order to raise money to prevent the government from shutting down the savings and loan. Coles acknowledged that for over $300,000 he had invested in property, he had accumulated about $30,000 in equity. There was also evidence that Coles diverted substantial funds for his own personal use. We think this evidence shows that Coles put the institution in "substantial jeopardy" of paying reduced benefits to insurers and of being "unable on demand to refund any deposit, payment, or investment." U.S.S.G. § 2B1.1, comment. (n.10). We note that the $569,000 wrongfully obtained by Coles is significant in relation to the size of the assets of the institution. More importantly, the record shows that Coles obtained most of the improper loans after he discovered that the $1.7 million dollar investment in Empire Savings and Loan (in Texas) had failed. In those dire financial circumstances, Coles's actions "substantially jeopardized" the integrity of the institution. Therefore, the district court's finding in this respect is not clearly erroneous.
 
 
 7
 Coles next asserts that the district court improperly enhanced his sentence under U.S.S.G. § 3B1.1(a) for being an organizer and leader of criminal activity involving five or more participants. The court declined to apply a two-level enhancement for abuse of a position of trust. The determination that a defendant was an organizer and leader in the offense is essentially a factual question. United States v. Harriott, 976 F.2d 198 (4th Cir. 1992); United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 and 59 U.S.L.W. 3362 (U.S. 1990).
 
 
 8
 The court determined that there was "no question" that Coles was an organizer of a scheme that involved at least six participants. Based on this record, this factual finding is not clearly erroneous. Therefore, the district court properly applied the four-level enhancement of section 3B1.1.
 
 
 9
 Coles's remaining claims are purely conclusory allegations concerning the proportionality of his sentence which have no support in the record. Given that Coles's guideline range was properly calculated and that his sentence is within that range and the statutory maximum, Coles has no claim in this regard. See Williams v. United States, 60 U.S.L.W. 4206 (U.S. 1992). Since the district court's conclusions that Coles did not accept responsibility, that his conduct jeopardized the safety of a financial institution, and that he was an organizer and leader of criminal activity were not clearly erroneous, we affirm Coles's sentence.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Coles does not attack his convictions
 
 
 [2]
 United States Sentencing Commission, Sentencing Guidelines Manual (Nov. 1991)
 
 
 [3]
 We note that the adjustment for obstruction of justice based on Coles's testimony at trial was proper. See United States v. Dunnigan, U.S., No. 91-1300, 1993 U.S. Lexis 1779 (U.S. Feb. 23, 1993)